Joseph Jiudice, J.
This is a proceeding under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.) instituted by the petition of the respondent’s wife in the Second Judicial District Court of Washoe County in the State of Nevada, alleging that she is the wife of the respondent and entitled to support under the provisions of the Uniform Reciprocal Enforcement of Support Act of the State of Nevada (Nev. Rev. Stat., § 201.020 et seq.)
The Family Court of the State of New York, Dutchess County, received the papers from the Nevada court and thereafter caused a summons to be issued to the respondent, who appeared by counsel and upon the return date thereof, the respondent, through his counsel, entered a special appearance and objected to the jurisdiction of the court in that the papers sent by the Nevada court were deficient in that, “The summons is defective in not conforming to the requirements of the U. S. D. L. of New York, inasmuch as it does not state the circumstances of the petitioner or the need of the petitioner for support as required by section 37 of the Domestic Relations Law.”
This court thereupon reserved decision upon the motion to dismiss, due to the alleged claim that the Family Court did not have jurisdiction over this matter, because of the deficiency noted by respondent’s counsel.
The Uniform Reciprocal Enforcement of Support Act (as amd. in 1952 and 1958) states two positions as follows:
“ § 4. Extent of duties of support. Duties of support arising under the law of this state, when applicable under Section 7, bind the obligor, present in this state, regardless of the presence or residence of the obligee.
“§ 7. Choice of law. Duties of support applicable under this law [act] are those imposed or imposable under the laws of any *962 state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.”
The presence of the obligor as a test of the choice of law applicable has worked well. It is simple. In the great majority of cases, it is often the application of the law of the responding State where the obligor is found and has his day in court. So in most cases, the court will be applying its own law.
The last sentence of section 7 of the Uniform Reciprocal Enforcement of Support Act was amended in 1952 to include the presumption that the obligor was present in the responding State. This was done on purpose, because confusion was beginning to arise in regard to making a determination as to which law was to be used, that of the presenting State or that of the responding State. This sentence eliminated that doubt. Nevertheless, it appears that a little less than 14 jurisdictions still give the obligee the choice of which law to apply. However, this seems to be a short-sighted view, in view of the fact that unless the responding State will co-operate, the obligor has a ready-made excuse to attack the jurisdiction of the responding court.
It is also interesting to note that the Council of State Governments in its literature entitled £ 1 Reciprocal State Legislation to Enforce the Support of Dependents ” (Nov. 1959 ed., p. 19, ch. 5) states as follows: ££ At the second interstate conference on reciprocal support laws, held in New York City in 1953, a resolution was adopted pointing out the importance of each state’s having full knowledge of the basic support duties of other stales. This for the reason that £ presence of the obligor ’ is the key to determining which state’s duties of support will govern in a reciprocal support proceeding. Since most actions are for a prospective and continuing support order, the obligor will thus be subject to the support duties set forth by the law of the state wheré he is found — namely, the responding state. Obviously, it is important to know whether any particular duty of support may be enforced in the responding state before going to the trouble of initiating a reciprocal proceeding and forwarding it to another court.”
The purpose of the Uniform Support of Dependents Law is to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support. To grant the motion to dismiss on the ground that this Court lacks jurisdiction because there is no allegation in the petition that the petitioner is <£ in need of support ” *963 would deprive her of the opportunity to establish her right to support. This would be a technical disposition and would not serve the legislative intent in enacting the reciprocal support laws. Testimony would undoubtedly develop the facts sufficient for the court to decide the issue, and the said motion is therefore denied at this time.
Accordingly, therefore, this court is holding that the Family Court of the State of New York has jurisdiction and is referring the matter, with this decision, to the initiating State, so that the initiating court may take such proof, including the testimony •of the petitioner and the petitioner’s witnesses, and such other evidence, as the court may deem proper, and transmit same to this court as required by statute, Upon receipt of the petitioner’s testimony from the initiating court, this court will resume its hearing in the proceeding.